IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. MOHAMMAD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
SHAHBAZ A. MOHAMMAD, APPELLANT.

Filed January 7, 2014.    No. A-13-438.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Mark E. Rappl for appellant.

Jon Bruning, Attorney General, and Carrie A. Thober for appellee.

MOORE, PIRTLE, and BISHOP, Judges.

MOORE, Judge.

## I. INTRODUCTION

Shahbaz A. Mohammad pled no contest to one count of second degree assault of an officer and one count of operation of a motor vehicle to avoid arrest. Mohammad asserts on appeal that the sentences he received were excessive and that his trial attorney was ineffective. Finding that there was no abuse of discretion in the sentences imposed, that the record is insufficient to review one of his claims of ineffective assistance of counsel on direct appeal, and that other claims of ineffective assistance of counsel are without merit, we affirm.

## II. BACKGROUND

On November 19, 2012, an information was filed in the Lancaster County District Court charging Mohammad with two counts of second degree assault on an officer, Class II felonies, in violation of Neb. Rev. Stat. § 28-930 (Cum. Supp. 2012), and one count of operation of a motor vehicle to avoid arrest, a Class IV felony, in violation of Neb. Rev. Stat. § 28-905 (Reissue 2008). On March 6, 2013, Mohammad appeared with counsel and entered pleas of no contest to

an amended information which charged him with one count of second degree assault of an officer and one count of operation of a motor vehicle to avoid arrest.

The factual basis for the charges shows that on October 14, 2012, a traffic stop was initiated on a vehicle for violating a stop sign. The driver indicated that he did not have his license on his person and provided a name, date of birth, and address. Although the name given by the driver was not located in the officer's computer system, Mohammad's name showed at the address provided, and a photograph viewed by the officer confirmed that the driver was Mohammad. Another officer appeared at the scene. The officers asked Mohammad to step out of the vehicle but he began looking in the back seat and digging in the center console. The officers attempted to remove Mohammad from the vehicle, at which time he placed the vehicle in gear and accelerated quickly, dragging both officers with the vehicle for some distance. Both officers received injuries for which they received treatment at a local hospital.

The court then questioned Mohammad and deemed his plea to be voluntarily and knowingly given and accepted the plea. The court found Mohammad guilty of the amended charges and ordered a presentence investigation report (PSI). Mohammad was subsequently sentenced to 10 to 20 years' imprisonment for the assault on an officer conviction and to 1 to 2 years' imprisonment for the operation of a motor vehicle to avoid arrest conviction, with the sentences to be served consecutively.

Mohammad filed this timely appeal.

### III. ASSIGNMENTS OF ERROR

Mohammad assigns as error that (1) the sentences imposed were excessive and (2) that he received ineffective assistance of trial counsel.

### IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact, and, in particular, determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law. *State v. Morgan*, 286 Neb. 556, 837 N.W.2d 543 (2013).

### V. ANALYSIS

#### 1. CLAIM OF EXCESSIVE SENTENCES

Mohammad asserts that the sentences imposed upon him were excessive. The offense of assault of a police officer is a Class II felony, punishable by 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2012) and § 28-930(2). Operating a motor vehicle to avoid arrest is a Class IV felony, punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. §§ 28-905(3) and 28-105. Mohammad was sentenced to terms of imprisonment of 10 to 20 years and 1 to 2 years, respectively, to be served consecutively. These sentences are clearly

within the statutory limits. Nevertheless, Mohammad argues that the sentences were excessive given his young age and history of mental health issues. He also argues that other mitigating circumstances exist such as his showing of remorse and acceptance of responsibility. Finally, Mohammad argues that it was an abuse of discretion to impose consecutive sentences because both offenses arose out of one single act.

In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) modification for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Wills, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The PSI shows that Mohammad was 18 years old at the time of the present offenses and has a history of mental health issues, including depression, mood disorders, and conduct disorders, for which he has received medication and therapy. He struggles with impulse control and has difficulty recognizing the consequences of his behavior. Mohammad's criminal history shows that he had been charged in juvenile court in 2007 with theft by unlawful taking, burglary, possession of marijuana, and assault. Under the disposition column for these offenses, the PSI indicates that in April 2008, Mohammad had "moved back to Pakistan with no intention of coming back." Additional juvenile court charges of theft by receiving stolen property, truancy, unauthorized use of a motor vehicle, discharge of a weapon, trespass, false reporting, and reckless driving were dismissed. Mohammad was later adjudicated for carrying a concealed weapon, damage to property, and receiving stolen property. As an adult, in 2011, Mohammad was convicted of third-degree assault on an officer and theft by receiving. He was sentenced to 60 months' probation on each of these counts and committed to a work ethic camp. Mohammad was subsequently terminated from the work ethic camp for repeatedly breaking rules and thereafter sentenced to 16 months to 16 months' imprisonment with credit for 504 days served. The circumstances of the assault on an officer conviction in 2011 are quite similar to the case at hand in that Mohammad drove off in a vehicle striking a police officer. In 2012, Mohammad was convicted of minor in possession, giving a false statement, disturbing the peace, second degree criminal trespass, and possession of marijuana. Following the instant offenses, Mohammad has been charged with possession of marijuana, minor in possession, and open alcohol container, which charges were pending at the time of preparation of the PSI. Mohammad did not finish high school but did obtain his diploma through the GED program while at the work ethic camp. Mohammad scored in the very high risk range on the overall "LS/CMI" assessment.

At sentencing, the district judge indicated that he had reviewed the sentencing factors noted above and that he took into consideration the information provided in the PSI as well as Mohammad and his attorney's comments at sentencing. The judge indicated, however, that he could not ignore the "very serious nature of this crime." As to the consecutive nature of the offenses and sentences, the court noted that after the officer was able to let go of the vehicle, Mohammad continued to flee and left the scene.

Upon our review of the record, we cannot say that the district court abused its discretion in the sentences imposed or in ordering that they be served consecutively.

## 2. CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Because Mohammad has different counsel on appeal than during the proceedings below, he must assert in this direct appeal any known or apparent claims of ineffective assistance of counsel. Under Nebraska law, in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013). Mohammad raises four instances of alleged ineffective assistance of counsel, which we discuss below.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question. *Id*. An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Watt, supra*. To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id*. To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *Id*. Deficient performance and prejudice can be addressed in either order. If it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. *Id*.

Within the plea context, in order to satisfy the prejudice requirement to establish an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

### (a) Advice That Bond Would Be Forfeited
### if Plea Offer Not Accepted

While the case was first pending in county court, Mohammad's bond was set at $150,000, with a requirement that he post 10 percent as recognizance. Mohammad made three unsuccessful attempts to get his bond lowered and finally posted the $15,000 recognizance. Various conditions of the bond were imposed upon Mohammad. On February 22, 2013, the State filed a motion to revoke Mohammad's bond and a hearing was set for February 26. Mohammad asserts that prior to the motion to revoke the bond hearing, trial counsel advised Mohammad that not only would his bond be revoked for violating certain provisions of the bond, but that the $15,000 recognizance would also be forfeited. Mohammad asserts that in order to avoid this forfeiture, he "reluctantly" decided to accept the plea offer rather than proceed to trial. Rather than hearing the motion to revoke bond on February 26, the matter was set for a plea hearing on

March 6. As a part of the plea agreement, the State agreed not to pursue the motion to revoke bond.

Mohammad claims that trial counsel's advice was improper, citing Neb. Rev. Stat. § 29-901(3)(a) (Reissue 2008), which provides that 90 percent of an appearance bond is to be returned to the defendant upon the performance of the appearance or appearances. Mohammad recognizes that additional statutory provisions allow for forfeiture of a recognizance when there is a breach of a condition of recognizance; however, he notes that provisions exist to set aside the forfeiture. See Neb. Rev. Stat. §§ 29-1105 through 29-1110 (Reissue 2008). Mohammad argues that had trial counsel not erroneously led him to believe that his recognizance would have been forfeited as the result of the alleged bond violations, he would have insisted on going to trial rather than pleading no contest.

Assuming that Mohammad's allegation about counsel's advice concerning forfeiture of the recognizance bond is true, it cannot be said that such advice was erroneous. The recognizance bond set forth several terms and conditions beyond Mohammad's appearance in court, and the State alleged in its motion to revoke bond that Mohammad had violated four of those conditions. Section 29-1106 clearly states that "[w]hen there is a breach of condition of a recognizance, the court shall declare a forfeiture of the bail." Counsel could not be ineffective for advising Mohammad consistent with Nebraska law, and such cannot form the basis for Mohammad's claim that he would have insisted on going to trial but for this advice. This allegation of ineffective assistance of counsel is without merit.

### (b) Failure to Obtain Psychological Evaluation

Mohammad next claims that his trial attorney failed to obtain a full psychological evaluation of him prior to sentencing in this matter. Mohammad asserts that a full psychological evaluation could have provided the sentencing court with additional evidence regarding his mentality, experience, social and cultural background, and motivation for the commission of the present offenses. Mohammad claims that this information "may have" affected the sentences to be imposed.

The PSI includes a psychological evaluation that was conducted on Mohammad in February 2012. This evaluation discussed Mohammad's mental health issues and was considered by the court in imposing the sentences. Mohammad does not allege what additional evidence would have been produced by another evaluation. Mohammad does not assert that his mental health status has changed since the evaluation in February 2012 or that if it has changed, how it has changed. Mohammad does not claim that a second psychological evaluation would have resulted in more favorable, or lenient, sentences. Mohammad has failed to demonstrate a reasonable probability that the sentences imposed would have been different if counsel had obtained a second psychological evaluation. This allegation is without merit.

### (c) Failure to Supplement PSI

Mohammad contends that counsel was ineffective in failing to properly supplement the PSI with current counseling records since February 2012. Again, Mohammad complains that such failure deprived the sentencing court of information. However, at the sentencing hearing, Mohammad affirmatively indicated that he had an opportunity to go over the PSI with his

attorney and that he was not aware of any additions or corrections that needed to be made. As with the previous allegation of ineffective assistance of counsel, Mohammad does not indicate what information any additional counseling records would contain and he does not allege that such information would have resulted in more lenient sentences. This allegation is without merit.

### (d) Failure to Advise State of Mohammad's Desire to Provide Assistance and Cooperation

Mohammad claims that he requested trial counsel to advise the State of his desire to provide cooperation to the State in the hopes of obtaining a more favorable plea agreement. Mohammad indicates that he advised trial counsel that he had information and knowledge that could have been valuable to the State in regard to a number of unsolved crimes. Mohammad asserts that trial counsel was ineffective in failing to make sufficient efforts to secure a cooperation agreement with the State. Mohammad claims that even if his cooperation efforts would not have resulted in a more favorable plea agreement, such cooperation could have provided mitigation evidence for the trial court to consider during sentencing.

The parties suggest that the record is insufficient to review this claim. We agree. We make no comment whether Mohammad's allegations regarding this claim would be sufficient to require an evidentiary hearing in the context of a motion for postconviction relief. We simply decline to reach this claim on direct appeal, because the record is insufficient to do so.

### VI. CONCLUSION

We find no abuse of discretion in the sentences imposed upon Mohammad, and the sentences are affirmed. Mohammad's claims that his trial counsel was ineffective in advising him concerning the forfeiture of his recognizance bond, and for failing to obtain a second psychological evaluation and supplement the PSI with current counseling records, are without merit. The record is insufficient to review Mohammad's claim regarding counsel's failure to secure a cooperation agreement.

AFFIRMED.